TO ALL PARTIES:
*You are hereby notified to file a written response to the enclosed Affirmative Defenses and Crossckaun within twenty (20) days from service hereof or judgment may be entered against you.*

_____
Attorney for Defendant Verizon

**DAVIS, PARRY, TYLER & WRIGHT**
By: Christopher H. Wright, Esquire
Attorney I.D. No.: 27091
1525 Locust Street, 14th Floor
Philadelphia, PA 19102                    Attorney for Defendant Verizon
(215) 732-3755

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHY L. OAKES** | : | Civil Action No. 02-2749 |
| | : | |
| vs. | : | |
| | : | |
| **HENKELS AND McCOY,** | : | |
| **DANNELLA CONSTRUCTION CORP.,** | : | |
| **LEVEL 3 COMMUNICATIONS,** | : | |
| **PECO ENERGY ENTERPRISE,** | : | |
| **EXELON COMMUNICATIONS,** | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
|   **DEPARTMENT OF TRANSPORTATION,** | : | |
| **PHILADELPHIA GAS WORKS,** | : | |
| **CITY OF PHILADELPHIA WATER** | : | |
|   **AND SEWER DEPARTMENT** | : | |
|   **(Philadelphia Water),** | : | |
| **VERIZON (formerly known as Bell Atlantic),** | : | |
| **JOHN DOE 1-10,** | : | |
| **ABC PARTNERSHIP 1-10 and** | : | |
| **XYZ CORPORATION 1-10** | : | ***JURY TRIAL DEMANDED*** |

### *ANSWER OF DEFENDANT, VERIZON (FORMERLY KNOWN AS BELL ATLANTIC) TO PLAINTIFF'S COMPLAINT*

    1.    Denied.

    2.    Denied.

3. - 11, Inclusive.  Denied.  The allegations of these paragraphs are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained therein.  They are therefore denied and due proof demanded at time of trial.

12.    Admitted.

13.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

14.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

15.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

16.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

17.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

18.    Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

19. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

20. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

21. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

22. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

23. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

24. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

25. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

26. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

27. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

28. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

29. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

30. Denied. At all times material to the allegations contained in Plaintiff's Complaint, Verizon was not engaged in construction, excavation, installation or resurfacing along Market Street at or near its intersection with 19th Street in the City of Philadelphia and State of Pennsylvania.

31. Denied. To the contrary, at no time did Defendant Verizon have in its possession or control Market Street at or near its intersection with 19th Street in the City of Philadelphia and State of Pennsylvania.

32. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

33. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

34. Denied. The allegations of this paragraph fail to identify the alleged agents, servants, workmen, contractors, subcontractors and/or employees and therefore lack sufficient specificity for Defendant to either admit or deny the allegations contained herein. Accordingly, Verizon denies all allegations of this paragraph and further asserts that it did not have agents, servants, workmen or contractors in or about the area of Market Street at its intersection with 19th Street on or about April 6, 2000. Accordingly, all allegations of this paragraph are denied.

35. Denied. Verizon denies that it was careless, negligent or allowed a dangerous or defective condition to exist on Market Street at or near its intersection with 19th Street on or about April 6, 2000. Verizon further denies that it caused or contributed to injuries allegedly suffered by Plaintiff. Accordingly, all allegations of this paragraph are denied.

36. Denied.

37. Denied. Verizon had no duty or responsibility for maintenance, repair, or inspection of Market Street at or near its intersection with 19th Street. Accordingly, all allegations of this paragraph are denied.

38. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

39. Denied. Verizon specifically denies that it was negligent or caused or in any way contributed to injuries allegedly suffered by Plaintiff. Accordingly, all allegations of this paragraph are denied.

## *FIRST COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, Henkels and McCoy*

40. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

41. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

42. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

43. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

44. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

45. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

46. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## *SECOND COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, Dannelia Construction*

47. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

48. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

49. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability as alleged and demands judgment in its favor.

## *THIRD COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, Level 3*

50. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

51. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

52. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## FOURTH COUNT

### Plaintiff, Kathy L. Oakes vs. Defendant, PECO Energy

53. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

54. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

55. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## FIFTH COUNT

### Plaintiff, Kathy L. Oakes vs. Defendant, Exelon

56. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

57. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

58. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## *SIXTH COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, PGW*

59. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

60. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

61. Verizon hereby incorporates its answers to paragraphs 41, 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## *SEVENTH COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, Philadelphia Water*

62. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

63. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

64. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## EIGHTH COUNT

### *Plaintiff, Kathy L. Oakes vs. Defendant, Verizon*

65.  Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

66.  Denied.  Verizon denies that it was negligent or that its agents, servants or workmen were negligent.  Verizon did not perform, nor did it hire contractors or subcontractors to perform excavation, construction or repair in or about Market Street at or near its intersection with 19th Street on or about April 6, 2000.  Verizon therefore had no duty to inspect, warn or maintain the area in or about Market Street at or near its intersection with 19th Street.  Accordingly, all allegations of this paragraph are denied including subparagraphs (a) through (i) inclusive.

67.  Verizon hereby incorporates its answers to paragraphs 41, 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability as alleged and demands judgment in its favor.

## NINTH COUNT

68.  Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

69.  Denied.  The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein.  They are therefore denied and due proof demanded at time of trial.

70. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

71. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## TENTH COUNT

### *Plaintiff, Kathy L. Oakes vs. City of Philadelphia*

72. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

73. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

73. (sic) Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

74. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

75. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

76. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

77. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

78. Denied. After reasonable investigation, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations of this paragraph. They are therefore denied and due proof demanded at time of trial.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

### *ELEVENTH COUNT*

### *Plaintiff, Kathy L. Oakes vs. Defendant, PENNDOT*

79. Verizon hereby incorporates its answers to paragraphs 1 through 39 as though fully set forth herein at length.

80. Denied. The allegations of this paragraph are not directed to answering Defendant and answering Defendant is therefore without sufficient information to admit or deny the allegations contained herein. They are therefore denied and due proof demanded at time of trial.

81. Verizon hereby incorporates its answers to paragraphs 42, 43, 44, 45 and 46 of First Count as though fully set forth herein at length.

82. Verizon hereby incorporates its answers to paragraphs 73, 74, 75, 76, 77 and 78 as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability and demands judgment in its favor.

## TWELFTH COUNT

83. Verizon hereby incorporates its answers to the allegations contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Counts of Plaintiff's Complaint as though fully set forth herein at length.

WHEREFORE, Verizon denies any and all liability as alleged and requests judgment in its favor.

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived her right to make a claim for damages against Verizon.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred and/or limited by the doctrine of accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred from litigation in that the Complaint fails to state a cause of action upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Verizon has breached no duty owed, either implied or expressed, to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff are barred or otherwise limited by the negligence of the Plaintiff pursuant to the provisions of the Pennsylvania Comparative Negligence Act.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all injuries or damages alleged to have been suffered by the Plaintiff were caused by the negligence of independent intervening parties or instrumentalities over which the Defendant had no control or duty to control.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred because of ineffective service or process.

### TENTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by the Plaintiff are subject to diminution pursuant to the applicable collateral source rule and/or statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

Claims of Plaintiff are barred and/or limited by Plaintiff's assumption of the risk.

### CROSSCLAIM

1. The allegations contained in Plaintiff's Complaint directed to Defendants, Henkels and McCoy, Dannella Construction Corporation, Level 3 Communications, PECO Energy Enterprise, Exelon Communications, City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation, Philadelphia Gas Works, City of Philadelphia Water and Sewer Department (Philadelphia Water), John Doe 1-10, ABC Partnership 1-10 and XYG Corporation 1-10, are hereby incorporated by reference without admission or adoption.

2. In the event that answering Defendant, Verizon, is found liable to Plaintiff or liable over to Defendants, Henkels and McCoy, Dannella Construction Corporation, Level 3 Communications, PECO Energy Enterprise, Exelon Communications, City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation, Philadelphia Gas Works, City of

Philadelphia Water and Sewer Department (Philadelphia Water), John Doe 1-10, ABC Partnership 1-10 and XYG Corporation 1-10, which liability is expressly denied, Defendants, Henkels and McCoy, Dannella Construction Corporation, Level 3 Communications, PECO Energy Enterprise, Exelon Communications, City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation, Philadelphia Gas Works, City of Philadelphia Water and Sewer Department (Philadelphia Water), John Doe 1-10, ABC Partnership 1-10 and XYG Corporation 1-10, are solely liable, primarily liable or jointly and severally liable to the Plaintiff or liable over to answering Defendant for contribution and indemnity.

WHEREFORE, Verizon declares that Defendants, Henkels and McCoy, Dannella Construction Corporation, Level 3 Communications, PECO Energy Enterprise, Exelon Communications, City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation, Philadelphia Gas Works, City of Philadelphia Water and Sewer Department (Philadelphia Water), John Doe 1-10, ABC Partnership 1-10 and XYG Corporation 1-10, are solely liable or liable over to answering Defendant by way of contribution and/or indemnity for all sums that may be recovered by the Plaintiff against answering Defendant; and any and all liability on the part of answering Defendant is specifically denied.

*DAVIS, PARRY, TYLER & WRIGHT*

By:_____
   **CHRISTOPHER H. WRIGHT, ESQUIRE**
   **Attorney for Defendant, Verizon**

# CERTIFICATE OF SERVICE

I, **Christopher H. Wright, Esquire**, hereby certify that a true and correct copy of the foregoing *Answer, Affirmative Defenses and Crossclaim of Verizon (formerly known as Bell Atlantic) to Plaintiff's Complaint* was served on the following counsel of record and unrepresented parties by first class U.S. mail, postage prepaid:

| | |
|---|---|
| Dennis E. Block, Esquire<br>***Block & Gatusso***<br>Washington Professional Campus<br>900 Route 168, Suite H1<br>Turnersville, NJ 08012 | Attorney for Plaintiff |
| Andrew L. Salvatore, Esquire<br>***Kelly, McLaughlin, Foster, Bracaglia, Daly, Trabucco & White***<br>1617 J. F. Kennedy Blvd., Suite 1690<br>Philadelphia, PA 19103-1815 | Attorney for Henkels & McCoy |
| Robert C. Mickle, Jr., Esquire<br>***Kennedy, Walker & Lipski***<br>1818 Market Street, Suite 2510<br>Philadelphia, PA 19103 | Attorney for Danella Construction Co.<br>& Level 3 Communications |
| Conrad O. Kattner, Esquire<br>***PECO Energy Co. Legal Department***<br>2301 Market Street, P.O. Box 8699<br>Philadelphia, PA 19101-8699 | Attorney for PECO Energy Company<br>/ Exelon Communications |
| Eric J. Riso, Esquire<br>***Zeller & Bryant***<br>Woodcrest Pavilion<br>Ten Melrose Avenue, Suite 400<br>Cherry Hill, NJ 08003 | Attorney for City of Philadelphia |
| John O.J. Shellenberger, Esquire<br>***Office of Attorney General***<br>21 S. 12th Street, 3rd Floor<br>Philadelphia, PA 19107-3603 | Attorney for Pennsylvania Department<br>of Transportation |

|  |  |
|---|---|
| Colette A. Pete, Esquire<br>***Philadelphia Gas Works***<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122 | Attorney for Philadelphia Gas Works |

*DAVIS, PARRY, TYLER & WRIGHT*


By:_____
   **CHRISTOPHER H. WRIGHT, ESQUIRE**
   **Attorney for Defendant, Verizon**

Date:   November 20, 2002