IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHY L. OAKES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENKELS and McCOY, et al. | : | No. 02-2749 |

## MEMORANDUM-ORDER

AND NOW, this 10th day of December, 2002, the motion for summary judgment of defendants Henkels and McCoy, Inc., PECO Energy Company and Exelon Communications is granted. Fed. R. Civ. P. 56(c). [1] Jurisdiction is diversity. 28 U.S.C. § 1332.

The complaint alleges that, on April 6, 2000, plaintiff Kathy L. Oakes fell while walking in the intersection of 19th and Market Street in an area where construction work had been performed by defendants. Complaint, ¶ ¶ 1-37; plaintiff's Opposition to Motion for Summary Judgment of Defendants Henkels & McCoy, Inc., PECO Energy Company and Exelon Communications at 1.

The three movant defendants contend that there is no evidence they "created the condition [that] allegedly caused plaintiff to fall." Motion for Summary Judgment of Defendants Henkels & McCoy, Inc., PECO Energy Company and Exelon Communications at 3. [2]

---

[1] Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Romero v. SmithKline Beecham, 309 F.3d 113, 117 (3rd Cir.2002). All facts and reasonable inferences must be viewed favorably to the non-moving party. Curley v. Klem, 298 F.3d. 271, 276 (3d. Cir. 2002).

[2] Movant defendants are Henkels and McCoy, Inc., PECO Energy Company and Exelon Communications. The non-movant defendants are City of Philadelphia Water and Sewer Department, Danella Construction Company, Level 3 Communications, Verizon, ABC Partnership, XYZ Corporation, and John Doe.

According to defendants PECO and Exelon, they had completed their work at the intersection two years prior to the incident.³ Defendant Henkels and McCoy, a subcontractor of Exelon Communications, the parent company of PECO, submitted documentation that it completed its installation of fiber optic cable at the intersection in February 2000 and that the work did not involve the quadrant of the intersection where plaintiff fell.⁴

Plaintiff filed an affidavit from an investigator, Joseph C. O'Donovan, Jr., stating that he had a telephone conversation with "Romona," an employee of PECO - who refused to give her last name - in which she said that on or about March 27, 2000 the company had installed fiber optic cable at the intersection in question. Movants argue that O'Donovan's statement is hearsay and therefore should not be considered on this motion.

To succeed against a summary judgment motion, the nonmoving party must go beyond the pleadings and by competent affidavits, depositions, answers to interrogatories, or admissions, designate specific facts that present a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Glenn Distributors Corp. v. Carlisle Plastics, Inc., 297 F.3d 294, 299 (3d. Cir. 2002).

Hearsay may be enough to enable an action to survive a summary judgment motion unless that evidence would unquestionably be inadmissible at trial. Riding v. Kaufmann's Dept. Store, 220 F.Supp.2d 442, 452 n. 2 (W.D.Pa.2002).

---

³ At deposition, Richard Adler, a PECO representative, produced a list evidencing that PECO performed work near 19th and Market on 11/0/96, 1/16/97, 3/9/98, 4/29/02 and 3/5/02 and testified that PECO had not done any excavation at any time.

⁴ Henkels and McCoy proffered time sheets and schematics in support of its position.

Here, however, if the hearsay in the investigator's affidavit were put on the summary judgment balance scale, its weight is flimsy and it is plainly inadmissible. For those reasons, it is insufficient to raise a triable issue and does not withstand summary judgment.

_____
Edmund V. Ludwig,  J.